11-3432-pr
United States v. Wright

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of May, two thousand twelve.

PRESENT:   JON O. NEWMAN,
                CHESTER J. STRAUB,
                GERARD E. LYNCH,
                        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,
                        *Appellee*,

                v.                                                  No. 11-3432-pr

VAUGHN L. WRIGHT, a/k/a MICEL THOMPSON, a/k/a
MICHAEL THOMPSON, a/k/a VAUGHN WRIGHT,
                        *Defendant-Appellant.*

_____

FOR APPELLANT:        Philip L. Weinstein, Federal Defenders of New York, Inc., New York, NY.

FOR APPELLEE:         Peter A. Norling, Allon Lifshitz, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

In 2002, Defendant-Appellant Vaughn Wright, who is a citizen of Jamaica, pled guilty to violating 21 U.S.C. § 856(a), which criminalizes "maintain[ing] any place . . . for the purpose of manufacturing, distributing, or using any controlled substance." He was sentenced to 18 months in prison, and was subsequently deported. Wright later reentered the country without permission, and in 2010 he was indicted for illegally reentering the United States following a deportation subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The District Court sentenced Wright principally to a 46-month term of imprisonment. On appeal, Wright argues that his sentence should be vacated because the District Court erroneously applied a sixteen-level enhancement in determining the Sentencing Guidelines range for his sentence. For the reasons that follow, we affirm the judgment of the District Court. We assume the parties' familiarity with the underlying facts and procedural history of the case.

In reviewing a sentence, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007). We review de novo the District Court's determination of whether a prior offense is a predicate offense for the purpose of a sentencing enhancement. See United States v. Savage, 542 F.3d 959, 964 (2d Cir. 2008).

The Guideline applicable to illegal reentry provides for a sixteen-level enhancement if the defendant previously was deported following "a conviction for a felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months." U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A). The term "drug trafficking offense" means:

2

> an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Id. § 2L1.2, Application Note 1(B)(iv). Since Wright was sentenced to 18 months in 2002 on his conviction under 21 U.S.C. § 856, the only dispute in this appeal concerns whether Wright's conviction was for a "drug trafficking offense."

Both parties agree that Section 856 criminalizes conduct that falls within the definition of a "drug trafficking offense," as well as conduct outside that definition. That is, maintaining a place for the purpose of "using" or "storing" a controlled substance does not constitute a "drug trafficking offense," but maintaining a place for the purpose of "distributing" such a substance does constitute a "drug trafficking offense." The parties further agree that, under these circumstances, we must employ the "modified categorical approach" to Wright's 2002 guilty plea to violating Section 856. The modified categorical approach seeks to determine "whether the government has shown that the plea 'necessarily' rested on a fact identifying the conviction as a predicate offense." Savage, 542 F.3d at 964 (quoting Shepard v. United States, 544 U.S. 13, 24 (2005)). In the guilty plea context, the modified categorical inquiry is "'limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.'" Id. at 966 (quoting Shepard, 544 U.S. at 26).

Having reviewed the record, we agree with the District Court that Wright's 2002 conviction necessarily rested on a fact identifying the conviction as a drug trafficking offense. In this case, the charging document, plea agreement, and plea colloquy all demonstrate that Wright was convicted of maintaining a place for the distribution of marijuana, rather than for the

storage or use of marijuana. Thus, the charging document alleged that Wright "did knowingly maintain a place . . . for the purpose of distributing a controlled substance, that is, marijuana," in violation of Section 856(a)(1). Similarly, the plea agreement provided that Wright "will plead guilty to an information charging defendant with maintaining a place for distributing controlled substances, in violation of 21 U.S.C. § 856(a)(1)" and its factual basis section recited that Wright "assisted in maintaining 5172 West Citrine Place in Tucson for the purpose of distributing marijuana." Finally, during the plea colloquy, the magistrate judge noted that the information alleged that Wright "did knowingly maintain a place . . . for the purpose of distributing a controlled substance." Wright acknowledged that he understood the charge and pled guilty to it.

Wright argues that it is uncertain whether he pled guilty to a drug trafficking offense because he did not use the word "distributing" in his plea colloquy. While it is true that Wright did not use that word, a review of the entire plea colloquy, as well as the information and the plea agreement that Wright signed, makes it abundantly clear that Wright understood that he was pleading guilty to maintaining a place for the distribution of marijuana. Accordingly, Wright was convicted for a "drug trafficking offense," and the District Court appropriately applied the sixteen-level enhancement in § 2L1.2(b)(1)(A) when calculating his Guidelines range.

We have considered Wright's other arguments and find them to be without merit. For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4